UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

HATO REY DIVISION

RECEIPT #_____123430_____
AMOUNT:____$405.⁰⁰_____

APR 24 2026

_CASHIER'S SIGNATURE_

JASON NASH,

Plaintiff,

v.

2026 APR 24 ᴀᴍ9:48
CLERK'S OFFICE USDC PR
RECEIVED CASHIER

GODADDY.COM, LLC,

Defendant.

Civil Action No.: _26-CV-1242 RAM_

COMPLAINT FOR DAMAGES

NEGLIGENCE, GROSS NEGLIGENCE, BREACH OF CONTRACT,

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING,

CONVERSION, TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC

ADVANTAGE,

REPLEVIN, AND DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

DAMAGES IN EXCESS OF $1,750,000

1

EXHIBIT INDEX

Exhibit A – CaribbeanCustomCellars.com Renewal Notices / Ownership Discrepancy

Exhibit B-1 – OCEO Admission of Unauthorized Email Transfer

Exhibit B-2 – Call and Text Logs Reflecting Plaintiff's Attempts to Resolve Unauthorized Transfer

Exhibit C – GoDaddy Support Communications

Exhibit D – Internal Confirmation of Third-Party Control

Exhibit E – AAA Closure Letter (Non-Payment)

Exhibit F – SEO Rebuild Cost Estimate

Exhibit G – LOOP-LOC Redirect Evidence

Exhibit H – GoDaddy Email Directing Plaintiff to Contact Competitor

Exhibit I – Revenue Records for ReplacementPoolCovers.com

Exhibit J – Domain Control / Replevin Evidence

INTRODUCTION

1. This action arises from Defendant GoDaddy.com, LLC's repeated and systemic failures in its domain-ownership verification systems, transfer authorization protocols, and Afternic Fast Transfer processes. These failures include: (i) defective and inconsistent transfer records relating to CaribbeanCustomCellars.com, (ii) the unauthorized transfer of PanacheWineCellars.com and its associated business email accounts to an unauthorized third party and direct competitor, and (iii) the unauthorized sale of ReplacementPoolCovers.com, a revenue-generating domain, through Afternic's Fast Transfer process to a direct competitor. ReplacementPoolCovers.com is a unique, category-defining, and non-fungible domain, which magnifies the harm caused by its unauthorized sale and ongoing diversion of traffic to a direct competitor.

2. Following the incidents described herein, Plaintiff made repeated attempts to resolve the unauthorized transfer of PanacheWineCellars.com and its associated business email accounts through GoDaddy support channels, as reflected in call records and screenshots (Exhibit B-2). In response, GoDaddy employees directed Plaintiff to contact Hilton Perez — Plaintiff's former business partner and a competing operator in the custom wine cellar market — in order to regain control of his own domain and email accounts (Exhibit H). Only after these events did GoDaddy's Office of the Chief Executive Officer review the matter and acknowledge the unauthorized email transfer (Exhibit B-1).

3

3. Plaintiff initiated AAA arbitration as required by the 2018 Terms of Service, paid the necessary fees, and obtained a formal closure letter when GoDaddy failed to pay its share of administrative and arbitrator compensation deposits (Exhibit E). Under Morgan v. Sundance, Inc., 596 U.S. 411 (2022), this conduct waives any right to enforce arbitration.

4. As a direct and proximate result of GoDaddy's negligence, gross negligence, and contractual breaches, Plaintiff has suffered damages exceeding $1,750,000.

JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. Plaintiff Jason Nash is a citizen of the Commonwealth of Puerto Rico. Defendant GoDaddy.com, LLC is a Delaware limited liability company with its principal place of business in Tempe, Arizona.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's residence and the harm suffered here.

PARTIES

7. Plaintiff Jason Nash is an individual residing in Ponce, Puerto Rico, and is the rightful owner and registrant of PanacheWineCellars.com and ReplacementPoolCovers.com.

8. Defendant GoDaddy.com, LLC is a Delaware limited liability company authorized to do business in Puerto Rico and operates as a domain registrar and hosting provider subject to the laws of this District.

FACTUAL ALLEGATIONS

9. Plaintiff registered and managed, through his GoDaddy account, the domain names CaribbeanCustomCellars.com, PanacheWineCellars.com, and ReplacementPoolCovers.com.

10. Between November 2024 and November 6, 2025, GoDaddy's defective ownership-verification systems and transfer-authorization controls resulted in: (i) improper and inconsistent transfer records relating to CaribbeanCustomCellars.com, (ii) the unauthorized transfer of PanacheWineCellars.com (including its associated business email accounts), and (iii) the unauthorized sale of ReplacementPoolCovers.com through Afternic's Fast Transfer process.

11. Incident One – CaribbeanCustomCellars.com. This domain was transferred in name only. Notwithstanding the transfer, GoDaddy continued to issue renewal notices to

5

Plaintiff approximately twelve months later, evidencing material defects in GoDaddy's ownership and transfer records (Exhibit A).

12. Incident Two – PanacheWineCellars.com. Both the domain and its associated business email accounts were transferred without authorization to an unauthorized third party and direct competitor, Hilton Perez, resulting in loss of control and exposure of Plaintiff's business email accounts. GoDaddy's Office of the Chief Executive Officer expressly acknowledged the unauthorized email transfer (Exhibit B-1).

13. Incident Three – ReplacementPoolCovers.com. This category-defining, revenue-generating domain was sold without Plaintiff's authorization through Afternic's Fast Transfer process to Plaintiff's direct competitor LOOP-LOC. The domain remains under LOOP-LOC's control and continues to actively redirect visitors to LOOP-LOC's own website (Exhibit G).

14. Plaintiff made multiple phone calls to GoDaddy support, which were recorded by GoDaddy, and submitted repeated email requests to GoDaddy customer service in an effort to resolve the incidents described herein. These communications resulted in admissions from GoDaddy personnel, including representatives of GoDaddy, Afternic, and the Office of the Chief Executive Officer, confirming improper transfers and third-party control of the domains at issue (Exhibits B-2, C, D, and B-1).

15. In a further demonstration of its inability or unwillingness to remedy the harm caused by its own systems, GoDaddy sent Plaintiff an email instructing him to contact Hilton Perez — Plaintiff's former business partner and a competing operator in the custom wine

cellar market — in order to regain access to his own domain and email accounts (Exhibit H).

16. Plaintiff maintained contemporaneous sales records demonstrating that ReplacementPoolCovers.com generated substantial revenue prior to its unauthorized transfer (Exhibit I).

17. Plaintiff fully complied with the 2018 Terms of Service by initiating binding arbitration before the American Arbitration Association and paying all required consumer fees. GoDaddy failed to pay its share of the administrative fees and arbitrator compensation deposits, resulting in closure of the case (Exhibit E).

18. These incidents demonstrate a clear pattern of systemic failures in GoDaddy's domain-management and dispute-resolution infrastructure.

19. As a direct and proximate result of GoDaddy's conduct, Plaintiff has incurred and continues to incur substantial damages exceeding $1,750,000.

CLAIMS FOR RELIEF

COUNT I – NEGLIGENCE

20. Defendant owed Plaintiff a duty of care to maintain accurate ownership records, implement reasonable verification and authorization protocols for transfers and sales, and protect Plaintiff's domains and associated email accounts from unauthorized access or transfer. Defendant breached that duty through systemic failures in its systems and support processes.

COUNT II – GROSS NEGLIGENCE

21. Defendant's conduct, including repeated notice of problems and directing Plaintiff to contact a direct competitor, constitutes gross negligence and willful disregard for Plaintiff's property rights.

COUNT III – BREACH OF CONTRACT

22. Plaintiff and Defendant entered into valid contracts via the Domain Registration Agreement and Terms of Service. Defendant breached these contracts by failing to enforce proper transfer authorization, security, and ownership verification requirements.

8

## COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23. Defendant's actions frustrated the fundamental purpose of the contracts and deprived Plaintiff of the benefit of his bargain.

## COUNT V – CONVERSION

24. Defendant exercised unauthorized dominion and control over Plaintiff's unique, non-fungible domains (including ReplacementPoolCovers.com) and associated assets by permitting their transfer and sale to third parties without authorization.

## COUNT VI – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

25. Defendant's facilitation of the unauthorized transfers/sales and direction of Plaintiff to a competitor tortiously interfered with Plaintiff's prospective business relationships and revenue streams.

## COUNT VII – REPLEVIN

26. Plaintiff is entitled to immediate return and possession of PanacheWineCellars.com, ReplacementPoolCovers.com, associated accounts, and any related assets wrongfully withheld or diverted. (Exhibit J.)

COUNT VIII – DECLARATORY RELIEF

27. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that (a) he is the rightful owner of PanacheWineCellars.com and ReplacementPoolCovers.com, (b) the transfers and sales were unauthorized, and (c) Defendant must restore full control to Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jason Nash respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

a. Compensatory damages in excess of $1,750,000;

b. Punitive and exemplary damages;

c. Declaratory relief as set forth above;

d. Injunctive relief ordering immediate restoration of the domains, email accounts, and cessation of traffic diversion;

e. Costs of suit and reasonable attorneys' fees where recoverable;

f. Pre- and post-judgment interest; and

g. Such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 23, 2026

Respectfully submitted,

/s/ Jason Nash

Jason Nash, Pro Se

1741 Siervas De Maria

Ponce, Puerto Rico 00730

Telephone: (787) 319-6045

Email: jason@panachewinecellars.com

11